■ In the Matter of the Claim of PETER BOLTRAK, Respondent, against MIKE SCHECTER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board which allowed claimant a reduced earnings award from November 25, 1954 to July 12, 1955, because of partial disability. Concededly claimant sustained a compensable accidental injury on October 13, 1953, consisting in general of thrombophlebitis and cellulitis of the right leg, which required his hospitalization. Compensation awards for a period of total disability and a subsequent partial disability were paid. It is also undisputed and appears from pay roll records that claimant's earnings were less during the period in question because he could not work full time. Appellants question only the period subsequent to November 25, 1954, on the sole ground that there is no medical evidence to support a finding that claimant's reduced earnings subsequent to that date were due to the injury. A medical report dated March 9, 1954, concludes that claimant has a "mild partial disability" and suggests "Re-examination in four months". A carrier's physician examined claimant on November 23, 1954, and reported both objective symptoms and complaints, but stated: "Claimant is working may continue doing his regular work. Further therapy is not indicated." However, it was not until July 11, 1955 that any medical report noted that there were no complaints and no disability. While it is true that reduced earnings alone do not *ipso facto* form a basis for an award, with an undisputed history of injury, total disability for a time, more extensive loss of earnings for a further time, the record presents a question of fact with evidence to support the board's finding that the award for smaller reduced earnings for the period in question was due to the injury. The fact that no further treatment is indicated does not necessarily mean complete recovery so that partial lost time thereafter may not be attributable to the injury. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.